**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| JOHNNY LEE MILLER,<br><br>      **Plaintiff,**<br><br>vs.<br><br>THE GEO GROUP INC.,<br><br>      **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:15CV547DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on several pending motions: Plaintiff Johnny Lee Miller's Motion for Default Judgment, filed August 27, 2015; Defendant The Geo Group Inc.'s Motion to Dismiss, filed August 28, 2015; and Plaintiff's Amended Motion for Default Judgment, filed September 21, 2015.  Defendant has opposed both of Plaintiff's motions for default judgment. However, Plaintiff has not opposed Defendant's Motion to Dismiss and the time for doing so has passed.  The court considers the motions fully briefed.  The court has carefully considered the memoranda submitted by the parties as well as the law and facts relating to the motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

**DISCUSSION**

**Plaintiff's Motion for Default Judgment**

On August 27, 2015, Defendant moved for Default Judgment arguing that he served Defendant with a "Summons in a Civil Case" on August 5, 2015, and Defendant failed to

respond or act in this matter.  The next day, on August 28, 2015, Defendant filed an opposition to

Plaintiff's Motion for Default Judgment arguing that it was not properly served under Rule 4 of

the Federal Rules of Civil Procedure.  Plaintiff did not file a reply memorandum.  However, on

September 21, 2015, Plaintiff filed an amended Motion for Default Judgment.  Defendant file an

opposition to the amended Motion for Default Judgment on October 1, 2015.

Plaintiff alleges that he served Defendant at the Geo Group at 1585 West 2100 South in

Salt Lake City, Utah.  However, Defendant's register agent is Corporate Creations Network, Inc.,

located at 2825 East Cottonwood Parkway in Salt Lake City, Utah.  Service on a corporation

must be accomplished in compliance with Rule 4(h) of the Federal Rules of Civil Procedure.

Plaintiff argues that "notice to the agent is notice to the principle [sic], and notice to the principle

[sic] is notice to the agent."  However, Rule 4(h) requires Plaintiff to deliver a copy of the

Summons and Complaint "to an officer, a managing or general agent, or any other agent

authorized by appointment or by law to receive service of process."  Providing a copy of the

Summons and Complaint to any employee at Defendant's place of business is not effective

service.

In addition, Rule 4(h) provides that service may be effected by following Rule 4(e)(1),

which, in turn, follows state law for service of process.  Under Utah law, service can only be

effective upon an entity's regular place of business if the registered agent cannot be served.  Utah

Code Ann. § 16-17-301.  In this case, Plaintiff does not assert that he could not serve

Defendant's registered agent, Corporate Creations Network, Inc..  Therefore, service was not

proper under Utah law.

Because Plaintiff's attempted service on August 5, 2015, was not proper under federal or

state law, Defendant was not required to respond by August 26, 2015.  Therefore, the court finds

no grounds for entering default judgment against Defendant.  Moreover, the court notes that,

even if Plaintiff's service on August 5, 2015, had been proper, Defendant's prompt response to

the Complaint one day after Plaintiff moved for default and two days after the deadline weighs

heavily against granting default judgment.  Defendant responded before any default was entered

by the court, it did not believe it had been properly served, it has presented a defense on the

merits in its motion to dismiss, and the two day delay would not prejudice Plaintiff in any way.

Accordingly, Plaintiff's Motion for Default Judgment and Amended Motion for Default

Judgment are denied.

### Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's Complaint alleging that Defendant owes him

$1,395,000.00 because it failed to respond to a "Notice By Written Communication/Security

Agreement/Judgment."  Plaintiff's Complaint does not set out causes of action.  Rather, Plaintiff

provides a "Statement of Facts" and a "Request for Relief" that the court grant judgment in his

favor based on the facts.

Plaintiff alleges in his statement of facts that he sent a "Notice By Written

Communication/Security Agreement/Judgment" by registered mail to Defendant "for an injury of

aiding and abetting of an 'unlawful arrest,' 'unlawful detention,' and 'false imprisonment' agent

Knighton DA/37 of the Salt Lake County District Attorney Office."  Plaintiff explains that he

gave Defendant ten days "to respond, dispute, and rebut [sic] Plaintiff's Notice."  Defendant did

not respond to the Notice in any way so Plaintiff sent it a "Notice by Default and Entry of

Notarial Protest" by certified mail.  Plaintiff further alleges that Notary Public Gregory J Boone

resubmitted Plaintiff's Notice to Defendant and, when Defendant failed to respond, Boone issued

Plaintiff a Certificate of Non-Respons/Non-Performance.  Based on these fact, Plaintiff alleges

that Defendant "agreed by implied conduct to pay Plaintiff Johnny Lee Miller $1,395,000 . . .

according to Plaintiff's Notice By Written Communication/Security Agreement/Judgment."

     A complaint is insufficient under Rule 12(b)(6) if it fails to contain "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v.

Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff's Complaint fails to state any claim for relief other

than a request for judgment in his favor.  Plaintiff's statement of facts merely states that he sent

documents to Defendant and Defendant did not respond.  Plaintiff does not allege that any

relationship existed between himself and Defendant or that Defendant had any duty to respond to

the documents he sent.  The documents Plaintiff sent to Defendant are not valid or binding legal

documents.  The law does not recognize a self-executing contract/security agreement.  Contracts

require an offer and acceptance by both parties.

     For the reasons stated in Defendant's Motion to Dismiss, the court grants Defendant's

Motion to Dismiss for failure to state a claim upon which relief may be granted.  In addition, to

the extent that Plaintiff's Complaint could be liberally construed to be an attempt at stating a

claim under 42 U.S.C. § 1983, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)

because Plaintiff has not alleged that his purportedly unconstitutional arrest, detention, and

imprisonment was in relation to a sentence that was rendered invalid by a state or federal

tribunal.  Moreover, any state claims for unlawful arrest, false imprisonment, and unlawful

detention would be barred by the applicable state law statutes of limitations because Plaintiff's

Notice alleges that his imprisonment occurred October 29, 2010 to February 6, 2012 and the

claims were not raised within one year after they arose.  Accordingly, the court grants

Defendant's Motion to Dismiss.

## CONCLUSION

Plaintiff Johnny Lee Miller's Motion for Default Judgment and Amended Motion for

Default Judgment are DENIED and Defendant The Geo Group Inc.'s Motion to Dismiss is

GRANTED.  The Clerk of Court is directed to close the case, each party to bear his and its own

fees and costs.

DATED this 13th day of October, 2015.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge